Prob 12A(10/09)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA



FILED
MAR - 9 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

U.S.A. vs. Willie Lee Hicks    Docket No. 3:03CR00233-001

**Petition on Supervised Release**

COMES NOW Antwan D. Harris, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Willie Lee Hicks, who was placed on supervision by the Honorable Robert E. Payne, Senior United States District Judge sitting in the Court at Richmond, Virginia, on the 14th day of November, 2003, who fixed the period of supervision at 5 years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Attachment(s)

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**Bond Recommendation: Detention is Recommended**

### ORDER OF COURT

Considered and ordered this 5th day of March, 2015 and ordered filed and made a part of the records in the above case.

/s/ REP
The Honorable Robert E. Payne
Senior United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3/4/2015

Antwan D. Harris
United States Probation Officer

Place: Richmond, Virginia

**TO CLERK'S OFFICE**

**Petition on Supervised Release**
Page 2
RE: Hicks, Willie L.

OFFENSE: Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. § 846, a Class A Felony.

SENTENCE: One hundred fifty (150) months imprisonment; five (5) years supervised release; and a $100 special assessment.

SPECIAL CONDITIONS:

1. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

2. The defendant shall refrain from any unlawful use of a controlled substance and submit to 1 drug test within 15 days of release on supervised release and at least 2 periodic tests thereafter, as directed by the probation officer.

3. The defendant shall participate in a program approved by the Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with the cost to be paid by the defendant, all as directed by the probation officer.

4. The defendant shall participate in a mental health program as directed by the probation officer, and the defendant shall pay for the cost of the program as directed by the probation officer.

5. The defendant shall provide the probation officer access to requested financial information.

6. The defendant shall make monthly payments toward any balance of the special assessment imposed herein of $25.00, beginning sixty (60) days after the defendant's term of supervised release begins.

7. The defendant shall waive all rights of confidentiality regarding mental health treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

8. The defendant shall pay for the support of his children in the amount ordered by any social service agency or Court of competent jurisdiction. In the absence of such order, payments are to be made on a schedule to be determined by the Court at the inception of supervision, based on the defendant's financial circumstances.

ADJUSTMENT TO SUPERVISION: Mr. Hicks began supervised release on August 23, 2013. His adjustment has been good until recent developments. When supervision began, he was employed with Kahill's Restaurant, where he reported he has maintained employment to date. However, due to a recent vehicle accident, Mr. Hicks reported that he has been out of work and under a doctor's care.

Prior to this writing, there have not been any previous issues regarding Mr. Hicks. However, on February 26, 2015, several supervised release hits occurred on Mr. Hicks, resulting in numerous emails being generated to this officer through NCIC/VCIN. A subsequent hit from the Meherrin River Regional Jail prompted this officer to contact them for further information. At that time, this officer was notified that Mr. Hicks was an inmate, and he had been arrested for some outstanding drug charges from the Southside Virginia Task Force.

**Petition on Supervised Release**
**Page 3**
**RE: Hicks, Willie L.**

On March 3, 2015, contact was made with Investigator B.J. Mull of the Southside Virginia Task Force. He confirmed the arrest of Mr. Hicks and advised that he was arrested on narcotics charges. Investigator Mull advised that Mr. Hicks was arrested on four indictments for Sell, Possess With Intent to Distribute a Schedule I or II Drug for Profit. Copies of the police reports have been received by this officer.

As of March 2, 2015, a court date had not been set for Mr. Hicks due to the recent inclement weather in the Mecklenburg, Virginia, area.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**MANDATORY CONDITION:**     **COMMISSION OF A CRIME - SELL, POSSESS WITH INTENT TO DISTRIBUTE A SCHEDULE I OR II DRUG FOR PROFIT**

On March 19, 2014; April 17, 2014; April 28, 2014; and May 1, 2014, Mr. Hicks reportedly sold cocaine.

ADH/djb